# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal Action No. 07-100 |
| v. | ) |
| | ) |
| FREDDIE MILLER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for a reduction of sentence and retroactive application of crack cocaine sentencing guidelines (ECF No. 652) filed by Freddie Miller ("movant") in the above-captioned case. Movant's motion for a reduction in sentence (ECF No. 652), filed pursuant to 18 U.S.C. § 3582(c)(2), must be denied for the reasons explained below.

On June 17, 2009, this court sentenced movant as a career offender to 185 months of imprisonment for possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, which is commonly known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). Movant's statutory maximum term of imprisonment, at the time of his sentencing, was life in prison. Id. The 185-month sentence imposed on movant reflected a variance from movant's guideline range of 262 to 327 months.

On April 23, 2012, movant filed the present motion. The government responded on May 9, 2012, and movant filed a reply brief on May 25, 2012.

A court may modify a sentence already imposed pursuant to 18 U.S.C. § 3582(c)(2) when the original sentence was based upon "a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In this case, movant was sentenced under the career offender guidelines, which base the offense level on the statutory maximum punishment of the underlying crime. See U.S.S.G. § 4B1.1(b). The Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), modified the statutory penalties for crack offenses by reducing the crack-to-powder cocaine sentencing ratio from 100:1 to approximately 18:1. Although the text of the career offender guideline has not been amended since his sentencing, movant's career offender guideline range has effectively been lowered by Congress. That is, if movant were sentenced today, his guidelines range would be 188 to 235 months because the amount of cocaine base[1] involved in movant's offense would no longer be sufficient to trigger a statutory maximum of life imprisonment, but would instead carry a statutory maximum term of 25 years. See 21 U.S.C. § 841(b)(1)(A), (B).

The retroactive guideline range, however, is not applicable for the reasons set forth below.

First, movant did not demonstrate that his original sentence was based upon "a sentencing range that has subsequently been lowered *by the Sentencing Commission*." 18 U.S.C. § 3582(c) (emphasis added). In this case, the Sentencing Commission has taken no action to change the substance of the career offender guideline since movant's sentencing. Thus, according to the plain text of 18 U.S.C. § 3582(c), the court lacks authority to reduce movant's sentence. See

---

[1] The government and movant stipulated as part of a plea agreement that the amount of cocaine base involved in the offense was at least fifty grams and less than 150 grams of cocaine base, and 7.2 grams of cocaine.

United States v. Higgs, 504 F.3d 456, 463-64 (3d Cir. 2007). Furthermore, although the crack cocaine guideline found in U.S.S.G. § 2D1.1 has been reduced since movant's sentencing, because he was not sentenced based on a sentencing range that derived from that guideline, that reduction is irrelevant here. See United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) (holding that a previous amendment (Amendment 706) to the § 2D1.1 crack cocaine guideline did not permit the district court to reduce a sentence imposed under the career offender guideline).

Second, even though the court varied downward from movant's career offender guideline range, that variance does not alter the court's conclusion above that the career offender guideline range was his "applicable guideline range." See United States v. Barney, 672 F.3d 228, 229-232 (3d Cir. 2012).

Finally, even if movant were sentenced under a guideline that had subsequently been reduced by the Sentencing Commission, meeting the first requirement of § 3582(c), see Dillon, 130 S. Ct. 2683, 2691 (2010), reducing his sentence would not be consistent with the policy statements issued by the Sentencing Commission. Specifically, Policy Statement U.S.S.G. § 1B1.10(b)(2) provides that when a court is reducing a term of imprisonment as a result of an amended guideline range, the court may not reduce the sentence below the bottom end of the amended range, unless the case involves substantial assistance. See United States v. Drake, Criminal No. 07-13, 2012 WL 2367857, at *5 (W.D. Pa. June 21, 2012) ("The court must abide by the policy statement issued by the Sentencing Commission, which does not permit the court to vary from the amended guideline range, except in situations involving substantial assistance."). Here, movant was already sentenced below the bottom end of the guideline range which would be applicable if he were sentenced today. Even if the court had not concluded that movant, as a

3

career offender, was not entitled to a sentence reduction, the court would lack the authority to reduce his sentence further.  Id.

*ORDER*

AND NOW, this 31st day of July, 2012, for the reasons set forth above, it is HEREBY ORDERED that Freddie Miller's motion for a reduction of sentence is DENIED.

By the court,

 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:  Freddie Miller,
#09419068
P.O. Box 26040
Beaumont, TX 77720